# In the United States Court of Federal Claims

No. 22-1346C
(Filed: May 12, 2023)
**NOT FOR PUBLICATION**

```
****************************************
GARY L. SWANSON,                         *
                                         *
                    Plaintiff,           *
                                         *
v.                                       *
                                         *
THE UNITED STATES,                       *
                                         *
                    Defendant.           *
                                         *
****************************************
```

## OPINION AND ORDER

Plaintiff Gary L. Swanson, proceeding *pro se*, seeks money damages from the United States. Although he does not specify the exact nature of his claims, they appear to relate to matters pending in or decided by the United States District Court for the Eastern District of North Carolina, the United States Court of Appeals for the Fourth Circuit, various North Carolina state agencies, the United States Department of the Treasury, and the United States Government Accountability Office. *See* Complaint (ECF 1); Complaint Exhibits (ECF 13). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] The motion to dismiss is **GRANTED**.

*Pro se* plaintiffs like Mr. Swanson are "entitled to a liberal construction of [their] pleadings." *See Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)). A complaint in this Court must, however, contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" RCFC 8(a)(2). The allegations need not be "detailed," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), but must be "sufficient ..., [when] accepted as true, to 'state a claim to relief that is plausible on its face,'" *id*. (quoting *Twombly*, 550 U.S. at 570).

---

[1] *See* Mot. to Dismiss (ECF 10). Plaintiff filed a "Motion to Strike" (ECF 11), which I construe as an opposition to the motion to dismiss. To the extent it seeks any relief, it is **DENIED**. The government filed a reply in support of the motion to dismiss (ECF 14). Plaintiff's motion for leave to proceed *in forma pauperis* (ECF 7) is **GRANTED**. Plaintiff also filed a motion for appointment of a special master (ECF 16), which is **DENIED**. The "Notice of Protest" received by the Court from Mr. Swanson on May 2, 2023 is **FILED BY MY LEAVE**, but is **DENIED** to the extent it requests any relief.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court considers whether to make that inference in light of "its judicial experience and common sense." *Id.* at 679.

Claims for money in this Court are generally premised on (1) contracts between the plaintiff and the United States or (2) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)). This Court cannot hear claims against defendants other than the United States, and it cannot review the decisions of other courts. *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *see also Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).

Here, Mr. Swanson provides no facts suggesting that the United States — the only proper defendant in this Court, *see Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) (citing *United States v. Sherwood*, 312 U.S. 584, 588 (1941)) — is liable to him under any legal theory. At most, Mr. Swanson claims that he has an express or implied contract with the United States Department of Veterans Affairs healthcare system, Mot. to Strike at 2, and that certain federal agencies are "[m]ismanaged," thus breaching the fiduciary duty owed him by the United States, *id.* at 3. None of that permits an inference that the United States owes Mr. Swanson money under any contract or law.

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Mr. Swanson has leave to file an amended complaint no later than **June 12, 2023**. If Mr. Swanson does not file an amended complaint, or if his amended complaint does not contain factual material sufficient to meet this Court's pleading standards, the case will be dismissed.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
